**Philip CARCHMAN and Marilyn R. Carchman, Appellants,**

v.

**The KORMAN CORPORATION.**

No. 78–2178.

United States Court of Appeals, Third Circuit.

Argued Feb. 21, 1979.

Decided March 13, 1979.

Paul W. Tressler, Franconia, Pa., for appellants.

Barbara Etkind, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellee.

Before ROSENN, VAN DUSEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

In this appeal we must decide whether tenant organizers of a large luxury apartment complex may constitute a class protected by 42 U.S.C. § 1985(3) (1976) against conspiracies founded upon a "class-based, invidiously discriminatory animus." *See* *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Concluding that the class of tenant organizers is beyond the reach of the statute, we affirm the judgment of the district court.

The appellants, Philip and Marilyn Carchman, were tenants in an apartment complex managed by the appellee, the Korman Corporation. As the Carchmans alleged in their complaint, Philip Carchman was an officer in the tenants' association for the complex and an advocate of tenants' rights. He participated in a criminal action brought against the Korman Corporation in state court. Solely because of Philip Carchman's activities as a tenant organizer, the Carchmans have asserted, the Korman Corporation refused to renew their lease. The Carchmans instituted a suit for damages in the United States District Court for the Eastern District of Pennsylvania, contending in the amended complaint that the Korman Corporation had violated the Carchmans' rights under the first amendment and had conspired, in contravention of 42 U.S.C. § 1985(3), to deprive them of equal protection of the laws or of equal privileges and immunities under the laws. Because the Carchmans did not allege any state action, the district court dismissed their claim based on the first amendment, and this dismissal has not been appealed. The district court also dismissed the count under 42 U.S.C. § 1985(3), for failure to state a claim upon which relief could be granted. This appeal ensued.

Section 1985(3), in part, forbids conspiracies entered into "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." Seeking to avoid possible constitutional problems, the Supreme Court has interpreted this language to mean that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798. (footnote omitted). The Court did not specify what classes, other

than racial ones, might be protected by the statute. The Carchmans argue that "class-based, invidiously discriminatory animus" directed against tenant organizers comes within the scope of Section 1985(3).

In *Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235 (3d Cir. 1978) (*en banc*), *cert. granted,* —— U.S. ——, 99 S.Ct. 830, 59 L.Ed.2d 30 (1979), this court recently held that classes distinguished by gender fall within the statute. Although reserving the question of what other classes might qualify, the court expressed the following rationale for its conclusion that an animus against women could underlie a violation of the statute:

> The principle that individuals should not be discriminated against on the basis of traits for which they bear no responsibility makes discrimination against individuals on the basis of immutable characteristics repugnant to our system. The fact that a person bears no responsibility for gender, combined with the pervasive discrimination practiced against women, and the emerging rejection of sexual stereotyping as incompatible with our ideals of equality convince us that whatever the outer boundaries of the concept, an animus directed against women includes the elements of a "class-based invidiously discriminatory" motivation.

*Id.* at 1243 (footnotes omitted). *Novotny* did not define the "outer boundaries" of class-based animus but the analysis in that case is sufficient to show that tenant organizers do not constitute a class protected by the statute. Unlike racial or sexual animus, animus against tenant organizers is not based upon "immutable characteristics" for which the members of the class have no responsibility.[1] Nor are we persuaded that tenant organizers have been the victims of the historically pervasive discrimination practiced against women.

We therefore hold that tenant organizers do not constitute one of the classes protected by 42 U.S.C. § 1985(3) against class-based animus. The judgment of the district court will be affirmed. Costs taxed against the appellants.

---

1. Being a tenant organizer is not an "accident of birth." *See Novotny v. Great American Federal Savings & Loan Ass'n., supra,* 584 F.2d at 1243.