John Pronko, Jr., Petitioner v. Commonwealth of Pennsylvania, Milton J. Shapp et al., Respondents.

542

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Robert Ufberg,* with him *Sheldon Rosenberg,* and *Rosenberg & Ufberg,* for petitioner.

*Robert F. Beck,* Assistant Attorney General, and *Jonathan Walters,* with them *Richard Kirschner,* and *Markowitz & Kirschner,* for respondents.

OPINION BY JUDGE CRAIG, July 31, 1979:

John Pronko, Jr. held the position of "Surveyor Technician III" in the Pennsylvania Department of Transportation and as such belonged to a supervisory unit of employees as defined by Section 301(6)(19) of the Public Employe Relations Act (PERA).[1] The American Federation of State, County and Municipal Employees (AFSCME) is the exclusive labor representative for this group of first level supervisors, an

---

[1] Act of July 23, 1970, P.L. 563 (Act No. 195), 43 P.S. §§1101.301 (6), 1101.301(19).

arrangement as to which the Commonwealth, the Department and AFSCME entered into an agreement, *i.e.*, a Memorandum of Understanding.[2]

The Department furloughed Pronko, among others, on March 31, 1976. He attempted to "bump" into civil service classifications he had held earlier, but the Department rejected his request on the basis that the applicable seniority was limited by the terms of the agreement.[3] He then filed a grievance under the agree-

---

[2] Section 704 of PERA, 43 P.S. §1101.704 establishes that public employers are not required to bargain with units of first level supervisors, "[b]ut shall be required to meet and discuss . . . on matters deemed to be bargainable for other public employees covered by this Act."

[3] The provision in the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.802 regarding "bumping" rights reads:

A furloughed employe shall have the right of return to any class and civil service status which he previously held, provided such class is contained in the current classification plan of the agency; or to any class and civil service status in the same or lower grade, provided that he meets the minimum qualifications given in the classification plan of the agency. . . . Under the rules a regular employe furloughed shall for a period of one year be given preference for reemployment in the same class of position from which he was furloughed and shall be eligible for appointment to a position of a similar class in other agencies under this act *unless the terms of an existing labor agreement preclude the employe from receiving the preferential treatment contained in this section in which event the terms of the labor agreement shall be controlling*, provided that in case of a promotion of another employe such preference shall not be effective if it necessitates furloughing such other employe unless the terms of an existing labor agreement require that such preferential treatment shall be given to the furloughed employe. (Emphasis added.)

Section 18 of Article XXIX of the agreement provides:

For the purpose of layoff or furlough, seniority standing shall be determined by length of service in an employe classification series; . . . .

ment, questioning the furlough. The Commonwealth denied the grievance and also refused AFSCME's subsequent request to submit it to arbitration, on the ground that the agreement did not provide for arbiration of the matter.

There is now no dispute that arbitration was not an available sequel in the grievance procedure as to a furlough question. The brief for Pronko agrees with the Department and AFSCME that Article XXXVIII of the agreement makes a furlough issue non-arbitrable.

Pronko then filed this complaint in equity within our original jurisdiction alleging that his furlough violated the terms of the agreement,[4] that the denial of his full seniority rights constituted a tortious interference with his employment relationship, that the furlough violated the Civil Service Act, and that the agreement itself was illegal. By order of President Judge Bow-MAN, we treat this complaint as a petition for review.

A significant provision of the agreement is Article XXXVII, Section 1, which reads as follows:

A civil service employe may process his grievance through either the Civil Service appeal procedure or the contract grievance procedure. If an appeal if [sic] filed under the Civil Service appeal procedure while proceedings are taking place under the contract grievance procedure, then the contract grievance procedure shall cease and shall not be permitted to be reinstituted. If an appeal is filed under the Civil Service appeal procedure, the employe shall not be entitled to institute proceedings

---

[4] As noted above, this is actually a Memorandum of Understanding reached through meet-and-discuss sessions because Section 704 of PERA does not require bargaining as such with units of first level supervisors.

under the contract grievance procedure, all rights to so do being waived by the exercise of an option by the employe to utilize the Civil Service procedure.

Section 802 of the Civil Service Act, 71 P.S. §741-.802 also governs furlough procedure for civil service employees. The provision relative to furlough procedure reads:

In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency. . . . An employe shall be furloughed only if, at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority *unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling*: Provided, That the appointing authority may limit the application of this provision in any particular instance to employes in the same class, classification series or other grouping of employes as referred to in any applicable labor agreement, and which are in the same department or agency with headquarters at a particular municipality, county or administrative district of the Commonwealth. (Emphasis added.)

Thus, read together, the above provisions of the agreement and Act treat a civil service appeal and a grievance procedure as alternative remedies, although not mutually exclusive because a civil service appeal

can be instituted to replace a grievance procedure already begun.

Because it is undisputed that the grievance procedure, not providing for arbitration of a furlough, led to a dead end, the viable and exclusive path to this court for Pronko was a civil service appeal, which is expressly made the administrative remedy for a furlough by Section 951(a) of the Civil Service Act, 71 P.S. §741.951(a). That administrative remedy fully, and therefore adequately, covers furlough claims. Such an adequate administrative remedy is exclusive. *Borough of Baldwin v. Department of Environmental Resources*, 16 Pa. Commonwealth Ct. 545, 330 A.2d 589 (1974).

An original jurisdiction action in this court is not proper and there is no administrative decision on which to base an appeal.

As between the civil service appeal and the grievance procedure, Pronko's choice thus far may have the effect of an election of remedies because Section 951 (a) of the Civil Service Act, 71 P.S. §741.951(a) provides a twenty-day limitation period for such appeals, after notice of the personnel actions; however, that point has not been presented for our consideration.

Pronko's allegations against AFSCME, to the effect that his union represented or counseled him unfairly, are all questions which arguably raise an issue of unfair labor practice. In *Robinson v. Abington Education Association*, 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977), we noted that the failure of a union "to represent the interests of all its members in good faith and without discrimination" would constitute bad faith bargaining, "made an unfair labor practice by Section 1201(b)(3) [of PERA]," adding:

> The PLRB [Pennsylvania Labor Relations Board] has exclusive jurisdiction to abate all

unfair labor practices and a court none. (Footnote omitted.)

32 Pa. Commonwealth Ct. at 571-72, 379 A.2d at 1373.

Therefore, if petitioner is to have any redress against AFSCME, he must proceed before the PLRB because Section 1301 of PERA, 43 P.S. §1101.1301, vests the PLRB with exclusive power to deal with labor matters tinged with complaints amounting to unfair labor practices. Denominating such allegations as tortious interference does not change the character of the acts that form the basis of the allegations or put them within the equity jurisdiction of our court. *See Harrisburg School District v. Harrisburg Education Association*, 32 Pa. Commonwealth Ct. 348, 379 A.2d 893 (1977).

Petitioner has not stated a cause of action cognizable in this court and it is accordingly unnecessary for us to discuss other issues raised by the preliminary objections.

The proceeding must be dismissed.

### ORDER

AND Now, this 31st day of July, 1979, the preliminary objections against the complaint of John Pronko, Jr., No. 1607 C.D. 1977, are hereby sustained and this proceeding is hereby dismissed.