Gary Rutledge *v.* Southeastern Pennsylvania Transportation Authority et al. Transport Workers Union of America AFL-CIO, Local 234, Appellant.

Gary Rutledge *v.* Southeastern Pennsylvania Transportation Authority and Transport Workers Union of America AFL-CIO, Local 234. SEPTA, Appellant.

Argued April 11, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Michael J. Flanagan,* with him *A. Martin Herring,* of counsel, *Teitelman and Herring,* for appellee.

*Marcus Manoff,* with him *Richard B. Hardt,* for appellant, SEPTA.

*John DeVirgilis, Silver & Miller,* P.C., for appellant, Transport Workers Union of America, AFL-CIO, Local 234.

OPINION BY JUDGE ROGERS, June 24, 1980:

The Southeastern Pennsylvania Transportation Authority (SEPTA) and the Transport Workers Union of America, AFL-CIO, Local 234 (union) have appealed from an order of the Court of Common Pleas of Philadelphia County overruling their preliminary objections to Gary Rutledge's complaint in equity. Rutledge alleged that he was wrongully discharged from his employment by SEPTA and seeks reinstatement, back pay and punitive damages from both defendants.

Rutledge was employed by SEPTA as a bus driver until January 11, 1977, when he was discharged for allegedly stealing money from his fare box. Criminal charges were filed against him of which he was acquitted after a trial in Philadelphia Municipal Court. Shortly after his discharge, Rutledge, acting through representatives of his union, filed a grievance alleging wrongful discharge and seeking reinstatement to his position. The collective bargaining agreement between SEPTA and the union provided a three-step grievance

procedure: a hearing with the employee's supervisor, review by a SEPTA department head and *de novo* hearing by a SEPTA third-step representative. The agreement further provided: "in the event the disposition of a grievance by the Authority's third-step representative is not satisfactory to the union, the union may cause the grievance to be referred to a board of arbitration as hereinafter provided." The union prosecuted Rutledge's grievance unsuccessfully through the three steps of the grievance procedure but refused to submit the matter to arbitration. Rutledge thereafter filed his complaint alleging, *inter alia*, that SEPTA had discharged him without just cause as required by the collective bargaining agreement and statute, that the union breached its duty of fair representation by arbitrarily and in bad faith refusing to demand arbitration in his behalf and that SEPTA and the union had conspired and agreed to his discharge and to the union's refusal to demand arbitration. As noted, SEPTA and the union each interposed preliminary objections which the court below overruled. This appeal followed.

The union first says that the court below lacked jurisdiction because Rutledge failed to pursue and exhaust his remedies provided for by the union's constitution and by-laws. The provisions referred to permit a union member to bring charges against fellow members who have violated the constitution or by-laws or "have engaged in conduct unbecoming a member of the Union." A successful pursuit of the charges would lead to discipline of the offending fellow member. These provisions are obviously ineffective to accomplish Rutledge's reinstatement by SEPTA with back pay.

Similarly, SEPTA says that the court below lacked jurisdiction and that Rutledge failed to state a cause of action against SEPTA because the grievance pro-

cedure of the collective bargaining agreement was the exclusive remedy for an employee alleging a wrongful discharge and that it cannot be made to respond for the union's refusal to pursue Rutledge's grievance to arbitration. The matter is not as simple as SEPTA views it. Rutledge alleges SEPTA and the union conspired to accomplish his discharge by SEPTA and to bring about the union's refusal to demand arbitration. This case then falls within the principle promulgated in *Falsetti v. Local Union No. 2026*, 400 Pa. 145, 161 A.2d 882 (1960), that although the bargaining agreement gives the union alone the power to pursue the final stages of the grievance procedures, the member may nevertheless sue the union for damages for breach of its fiduciary duty of fair representation in failing to pursue them in his behalf and that the employer may be joined in such suit as a co-defendant for participating in the union's breach of its obligation in this connection. 400 Pa. at 173, n.22, 161 A.2d at 896, n.22.

Both SEPTA and the union challenge the jurisdiction of the court below on the ground that Rutledge has alleged an unfair labor practice in public employment, the vindication of which is committed to the exclusive jurisdiction of the Pennsylvania Labor Relations Board. We disagree. Section 1301 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1301, gives the Board exclusive jurisdiction over the unfair labor practices listed in Section 1201, 43 P.S. §1101.1201. Section 1201 contains categories of prohibited practices of both public employers and of employee organizations. The act complained of by Rutledge, the breach by the union of its fiduciary duty to a member of fair representation in grievance proceedings is not among the unfair labor practices described in Section 1201.

*Vaca v. Sipes,* 386 U.S. 171 (1967) is also instructive on this point. The United States Supreme Court there held that a union's breach of its duty of fair representation is not an unfair labor practice committed solely to the jurisdiction of the National Labor Relations Board by Section 8(b) of the National Labor Relations Act (NLRA), 29 U.S.C. 158(b), and the doctrine of preemption, and that Congress did not intend to oust state and federal courts of their traditional jurisdiction to hear suits by individual employees against their unions when it passed the National Labor Relations Act, which PERA in many respects has followed.

The appellants' reliance on *Robinson v. Abington Education Association,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977), and *McClusky v. Department of Transportation,* 37 Pa. Commonwealth Ct. 598, 391 A. 2d 45 (1978), for the proposition that Rutledge's complaint falls within Section 1201(b)(3) is misplaced. In *Robinson,* union members filed a complaint in equity alleging that their union had not fairly represented them in negotiating a contract which eliminated an employment benefit they had previously enjoyed. We held that the court below was without jurisdiction to hear the complaint because it involved an unfair labor practice under Section 1201(b)(3) of PERA which prohibits ''[r]efusing to bargain collectively in good faith with a public employer.'' Rutledge does not allege a breach of the union's obligation to represent him fairly during collective bargaining and his complaint is clearly outside of the provisions of Section 1201(b)(3) and the reasoning of *Robinson.* In *McClusky,* there was no allegation that the union in that case had breached its duty of fair representation by improperly refusing to pursue grievance procedures, and our statement that such a breach of duty would be an unfair labor practice with-

in the exclusive jurisdiction of the PLRB was therefore dictum. In *Pronko v. Shapp,* 44 Pa. Commonwealth Ct. 541, 403 A.2d 1382 (1979), the employee did not charge the union with failure to pursue arbitration in his behalf and is thus distinguishable on the facts. One aspect of our decision in *Ziccardi v. Commonwealth of Pennsylvania, Department of General Services,* 50 Pa. Commonwealth Ct. 367, 413 A.2d 9 (1980) is contrary to our holding here and is disapproved.

### Order

And Now, this 24th day of June, 1980, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.