## Chawenson v. Local 2423, AFSCME

*Spero T. Lappas*, for plaintiff.
*Jonathan K. Walters*, for defendant.

CALDWELL, *J.*, April 10, 1981—This matter is before the court on preliminary objections to plaintiff's complaint in assumpsit. Plaintiff, Bess Chawenson, alleges in her complaint that prior to April, 1975 she was employed by the Commonwealth of Pennsylvania and belonged to defendant union. On April 16, 1975 plaintiff was discharged from her employment and, at her request, defendant instituted a grievance procedure pursuant to the union contract between defendant and the employer.

"Step III" and "Step IV" grievances were denied by the employer. Plaintiff then requested that defendant continue her appeal to binding arbitration, "Step V," but defendant declined to pursue the matter further. Plaintiff alleges that had arbitration occurred, she would have been reinstated to her job and enjoyed other and greater benefits of continued

employment by the Commonwealth, and she seeks to impose liability on defendant for lost wages, pension and leave benefits, and for diminution of her Social Security payments.

Various objections have been interposed by defendant. Principally, defendant contends that the exclusive jurisdiction of this dispute is vested in the Pennsylvania Labor Relations Board (PLRB). Also raised are objections regarding a statute of limitations issue, failure to join the Commonwealth as a necessary party and failure to state a cause of action upon which relief may be granted.

Whether plaintiff's claim is within the *exclusive* jurisdiction of the PLRB presents an interesting threshold question. Section 1301 of the Public Employe Relations Act (PERA) of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.1301, grants to the PLRB the exclusive power to consider and remedy "unfair labor practices," as that term is defined under section 1201(b)(1) and (3) of the act, 43 P.S. § 1101.1201(b)(1) and (3). Thus, we must initially determine whether defendant's failure to proceed to arbitration is encompassed within this definition, in which event this matter would properly be within the exclusive jurisdiction of the PLRB.

Disposition of this issue requires that we consider the inconsistent holdings reached by three-judge panels of the Commonwealth Court in Ziccardi v. Com., 50 Pa. Commonwealth Ct. 367, 413 A. 2d 9 (1980), and Rutledge v. Southeastern Pa. Transportation Authority, 52 Pa. Commonwealth Ct. 308, 415 A. 2d 982 (1980). In Ziccardi an employe brought several counts against the union (AFSCME) for its withdrawal from scheduled arbitration for consideration of retroactive pay for plaintiff. The union, pursuant to the collective bargain-

ing agreement, had progressed through four steps of grievance proceedings before it abandoned the arbitration remedy. In accepting the preliminary objection of the several respondents, the panel reasoned as follows at 369-70:

"The jurisdictional issue is dispositive with regard to the counts against respondent union. Allegations of unfair representation arguably raise an issue of unfair labor practice, in that a breach of the collective bargaining agent's duty to represent its members constitutes bad faith bargaining under Section 1201(b)(3) . . . Decisions of the Pennsylvania Supreme Court and this court have firmly and repeatedly settled the point that the PLRB has exclusive jurisdiction over such a matter. (citations omitted) Where such an administrative remedy is exclusive, no action at law or in equity will lie. (citation omitted)."

The opinion notes that not only was arbitration provided for in the contract but that section 903 of the PERA, 43 P.S. § 1101.903, made arbitration mandatory when disputes or grievances arise "out of the interpretation of the provisions of a collective bargaining agreement." Finding that both the contractual and the statutory requirements had not been exhausted, the Commonwealth Court concluded that it lacked jurisdiction and could not consider plaintiff's case on the merits.

Strangely, argument occurred in Rutledge just three days after the date of Judge Craig's opinion in Ziccardi and led to a result that summarily dismissed the Ziccardi holding on the question of jurisdiction. Rutledge, a SEPTA bus driver, had been dismissed for allegedly stealing money on the

job and his union had progressed through a three step grievance procedure pursuant to the collective bargaining agreement. Arbitration was provided for if the three steps were not successful in reaching a solution acceptable to the union. Rutledge brought suit when the union refused to demand arbitration on his behalf. The Commonwealth Court concluded that section 1201 of the PERA does not address the specific issue of breach by a union of its duty in grievance proceedings. Therefore, the situation in Rutledge was deemed as not within the exclusive jurisdiction of the PLRB and the preliminary objections on the jurisdictional issue were held as having been properly overruled by the court below.

We are puzzled at the contradictory results reached in Ziccardi and Rutledge and after much consideration we conclude that the Rutledge case overlooks the considerable body of case law upon which the Ziccardi result was premised. Rutledge, supra, states simply that the holding of Ziccardi is "disapproved," but because these two proceedings were panel decisions in the Commonwealth Court we do not view Rutledge as overruling Ziccardi and treat them as conflicting panel results.

It is our conclusion that Ziccardi states the sounder view and should be followed by this court. Our conclusions on this point make it unnecessary to pass upon defendant's other objections.

ORDER

And now, April 10, 1981, the within proceeding is dismissed for lack of jurisdiction.