**BROWN, Conrad**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA) et al.**

Civ. A. No. 81–0162.

United States District Court, E. D. Pennsylvania.

Aug. 10, 1981.

William G. Blasdel, Jr., Philadelphia, Pa., for plaintiff.

Joseph F. Keener, James Kilcur, Philadelphia, Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff commenced this civil rights suit pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the Southeastern Pennsylvania Transportation Authority and individuals representing the Authority (collectively "SEPTA") violated his rights to due process, and equal protection, by paying him at a rate lower than he was entitled to under his union's collective bargaining agreement with SEPTA. Pending before this Court is defendant SEPTA's motion to dismiss the complaint on several grounds, including the contention that the complaint does not state a cause of action under 42 U.S.C. §§ 1983 and 1985. After careful consideration of the motion, the complaint and the supporting memoranda submitted by the parties, I grant the motion.

In his complaint plaintiff alleges that he is a member of the Transportation, Checkers, Receivers and Clerical Workers Union, Local 161, and that now and prior to the signing of a collective bargaining agreement between SEPTA and his union, he was employed by SEPTA as a telephone information agent. Plaintiff contends that under the collective bargaining agreement

he is entitled to receive $8.59 per hour for his work. Instead, he claims that SEPTA is wrongfully paying him $6.85 per hour which is contrary to the applicable pay provision of the collective bargaining agreement. Plaintiff contends that he has requested of SEPTA that it pay him his alleged rightful salary, but that the company continues to pay him the wrongful lower rate. The complaint alleges that another SEPTA employee, who is similarly situated to plaintiff, was also wrongfully paid the lower rate but that he was given the full higher rate when he brought the alleged error to SEPTA's attention. Plaintiff also contends in his complaint that the union has refused to accept his grievance concerning this matter of his allegedly wrongful compensation. Plaintiff asserts that the union's refusal to accept his grievance has denied him access to any state or local forum in which he could enforce his rights under the collective bargaining agreement. Thus, plaintiff claims that SEPTA, acting as an instrumentality of the state, several counties and the City of Philadelphia, has deprived him of his property, i. e., his full rate of pay, without due process. He further contends that his union, which he has not made a party in this action, conspired to deprive him of his due process rights.

In its motion to dismiss, SEPTA contends, *inter alia*, that plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 or § 1985.[1] It is well-established that "in order to recover under 42 U.S.C. § 1983,[2] a plaintiff must prove that the defendant has deprived him of a right secured by the federal constitution or by federal law and that the defendant so acted under 'color of state law.'" *Victor Riccobono v. Whitpain Township*, 497 F.Supp. 1364

(E.D.Pa.1980) (citations omitted). Plaintiff has satisfied the state action component of the due process test and he has alleged sufficient facts to identify a property interest protected by the due process clause. However, the process due is set forth in the collective bargaining agreement and plaintiff has failed to allege that these defendants have denied him any of the process as defined by the collective bargaining agreement.

The Pennsylvania Public Employee Relations Act ("PERA"), 43 P.S. § 1101.201 *et seq.*, establishes a framework within which public employers and employees can negotiate and agree upon employees' wages and working conditions. After a collective bargaining agreement is in effect, as in the instant case, "[a]rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." 43 P.S. § 1101.-903. Except for the final stage of the grievance review procedure, which must be binding arbitration, a public employer and a union may negotiate and agree upon the procedure by which employees' complaints will be reviewed. In the instant case, the grievance procedure is set forth in the collective bargaining agreement under the heading, "Grievance Procedure; Arbitration." Plaintiff has not alleged that the defendants named in his complaint have denied him his right to proceed under this grievance procedure. Therefore, I find that plaintiff has not stated a claim under 42 U.S.C. § 1983.

In his complaint, plaintiff contends that the defendants and his union have conspired to deprive him of his due process rights and that the union has refused to

---

1. Also, Septa contends that the service of process on defendant was insufficient and that plaintiff failed to join Local 161 as an indispensable party under Fed.R.Civ.P. 19.

2. 42 U.S.C. § 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

prosecute his complaint against SEPTA through the grievance procedure. The union is not a party to this action and I express no opinion to any cause of action plaintiff may have against the union for breach of duty of fair representation or against these defendants in any such suit.[3] The complaint alleges no specific conduct of conspiracy except for a conclusory statement relating to a conspiracy to deprive plaintiff of due process rights.

It is clear that the conspiracy allegations are made in regard to the assertion in his complaint that the facts he has alleged constitute a violation of his federally protected right to equal protection of the laws under 42 U.S.C. § 1985. It is clear that the complaint fails to state a sufficient claim under Section 1985 because even though private parties may be conspirators nowhere has plaintiff alleged, as he is required to do, that he has been a victim of invidious class-based discrimination. *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). *See Lohr v. Assn. of Catholic Teachers, Local 1776, et al.*, 416 F.Supp. 619, 621 (E.D.Pa.1976); *Local No. 1 (ACA), Broadcast Employees of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, et al.*, 419 F.Supp. 263, 277 (E.D.Pa.1976). Plaintiff's allegation that another SEPTA employee had a similar complaint which the company rectified does not establish that plaintiff is a member of a protected class and the allegation fails to show that SEPTA has invidiously discriminated against him. *See Carchman v. Korman Corp.*, 456 F.Supp. 730, *aff'd* 594 F.2d 354 (1978), *cert. denied* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979). Therefore, I find that the complaint fails to state a claim which constitutes a denial of plaintiff's right to equal protection under 42 U.S.C. § 1985(3).

---

**3.** See, *Rutledge v. Southeastern Pennsylvania Transportation Authority*, 52 Pa.Cmwlth. 308, 415 A.2d 982, 984 (1980); also *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).