Harry Fouts, Appellant *v.* Allegheny County and Service Employees International Union, Local 585, Appellees.

Harry Fouts, Appellant *v.* Allegheny County and Service Employees International Union, Local 585, Appellees.

Argued October 6, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*Charles E. McKissock,* for appellant.

*Robert L. McTiernan,* Assistant County Solicitor, with him *James H. McLean,* County Solicitor, for appellee, Allegheny County.

*Robert A. Cohen,* with him *Louis B. Kushner,* for appellee, Service Employees International Union, Local 585.

Opinion by Judge Blatt, February 5, 1982:

The appellant, Harry Fouts, filed complaints in equity and assumpsit against the appellees, Allegheny County (County) and the Service Employees International Union (Union), alleging that the Union had failed to provide him with fair representation. The Court of Common Pleas of Allegheny County sustained preliminary objections of the appellees questioning the court's jurisdiction and raising a general demurrer, and the complaints were dismissed. This appeal was then filed.

In considering a preliminary objection in the nature of a demurrer, we must accept the well-pleaded facts in the appellant's complaints as true, *Association of Pennsylvania State College and University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979), and the following are alleged therein. The appellant was employed by the County as a crime photographer and was injured in a fall on September 16, 1978, while in the course of his employment. On September 27, 1978, his employment was terminated and he filed a grievance with the Union which held an informal hearing[1] on the matter on January 27, 1979. Neither the Union nor the County informed the appellant of the outcome of the hearing and the Union instituted no arbitration proceedings on the appellant's behalf. Meanwhile, on January 9, 1979, the appellant had filed a workmen's compensation claim and he was awarded benefits on February 22, 1980. Thereafter on March 24, 1980, the appellant demanded reinstatement to his job, including reimbursement for back pay, and he also requested a rehearing or formal disposition of his pre-

---

[1] The appellant did not describe the nature of this hearing nor did he state the identity of the parties who were in attendance.

viously filed grievance. The appellees refused all of these demands and the instant actions were then filed. The court below held that a charge of unfair representation is a charge of an unfair labor practice which comes within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (PLRB) and that, in any event, the appellant's complaints did not state a cause of action because they failed to set forth facts which demonstrated that the Union's refusal to carry his grievance to arbitration was arbitrary, discriminatory or done in bad faith.

The appellant argues here that the court below erred in holding that it had no jurisdiction, inasmuch as this Court, in *Rutledge v. Southeastern Pennsylvania Transportation Authority,* 52 Pa. Commonwealth Ct. 308, 415 A.2d 982 (1980), found that an unfair representation charge was not within the exclusive jurisdiction of the PLRB. He also contends that his allegations that the appellees acted ''wilfully, wantonly falsly [*sic*] and fraudulently'' were sufficient to establish arbitrary, discriminatory or bad faith conduct on the part of the Union.

Prior decisions by panels of this Court conflict on the issue of whether or not unfair representation by a union is an unfair labor practice which comes within the exclusive jurisdiction of the PLRB. *Compare Rutledge with Ziccardi v. Department of General Services,* 50 Pa. Commonwealth Ct. 367, 413 A.2d 9 (1980). If the PLRB does have exclusive jurisdiction in this matter, then this Court can entertain neither the appellant's claim at law nor his action in equity. *Ziccardi.* While *Rutledge* supports the appellant's position, the appellees rely on *Ziccardi,* and, after careful review, we must find that *Ziccardi* represents the better rule.

We are aware that federal decisions have found that a charge of unfair representation does not fall within the exclusive jurisdiction of the National Labor Relations Board (NLRB), *Vaca v. Sipes,* 386 U.S. 171 (1967), but, while that finding may be instructive, we are not bound by it in interpreting the Public Employes Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.101-1101.2101. *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975); *Robinson v. Abington Education Ass'n.,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977) *aff'd* 492 Pa. 218, 423 A.2d 1014 (1980). As we noted in *Robinson,* the United States Supreme Court's decision in *Vaca* was influenced by the fact that an employee who brought an unfair representation complaint · to the NLRB might be denied effective review because the general counsel of the NLRB had unreviewable discretion to decide whether or not to bring an unfair labor practice charge. Such is not the case under Section 1502 of the PERA, 43 P.S. §1101.1502,[2] which, when read in conjunction with other state statutes requiring review of administrative orders, provides that all final PLRB orders, including those refusing to institute an unfair practice complaint, are subject to judicial review. *Pennsylvania Social Services Union Local 668 v. Pennsylvania Labor Relations Board,* 481 Pa. 81, 392 A.2d 256 (1978). Inasmuch as we do not consider ourselves to be bound by the United States Supreme Court's decision in *Vaca* in reviewing an order of the PLRB, we believe therefore that we should conduct an independent examination to determine

---

[2] Section 1502 was repealed by the Act of April 28, 1978, P.L. 202, but was re-enacted in substantially the same ·form in 42 Pa. C. S. §933(a)(1)(vii).

whether or not an unfair representation charge is an unfair labor practice under PERA and thus within the exclusive jurisdiction of the PLRB pursuant to Section 1301 of PERA, 43 P.S. §1101.1301.

Activities considered to be unfair labor practices are enumerated in Section 1201 of PERA, 43 P.S. §1101.1201 and this Court has found that a charge which amounts to a charge of unfair representation violates Section 1201(b)(3) of PERA because it alleges a refusal to bargain collectively in good faith. *Ziccardi; Robinson,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977); *see also, Robinson,* 492 Pa. 218, 423 A.2d 1014 (opinion in Support of Affirmance, note 3).[3] We agree and we would note that a union's refusal to represent an employee fairly may also be contrary to Section 1201(b)(1) which prohibits the restraint or coercion of an employee in the exercise of his rights guaranteed under PERA.[4] We believe therefore that, insofar as the appellant seeks redress for allegedly unfair representation, such a claim amounts to a charge of an unfair labor practice and is subject to the exclusive jurisdiction of the PLRB. *Rutledge* is hereby overruled to the extent that it conflicts with the foregoing discussion.

---

[3] The Pennsylvania Supreme Court affirmed the Commonwealth Court's opinion in *Robinson* by a vote of 3-3.

[4] Section 401 of PERA, 43 P.S. §1101.401 provides:

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in the lawful concerted activities for the purpose of collective bargaining *or other mutual aid and protection* or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement. (Emphasis added.)

Even were we to hold that the PLRB did not have exclusive jurisdiction in this case, we would still be required to affirm the holding of the court below which found that the appellant's complaints failed to allege sufficient facts to support his charge of unfair representation by the Union. A union is guilty of unfairly representing an employee if its refusal to carry a grievance through to arbitration is due to arbitrariness, discrimination or bad faith. *Vaca; Pennsylvania Labor Relations Board v. Eastern Lancaster County Education Ass'n.,* 58 Pa. Commonwealth Ct. 78, 427 A.2d 305 (1981). The appellant here, however, has alleged no more than that the Union failed to communicate with him regarding the result of the January 27, 1979 informal hearing and that the Union did not process his grievance to arbitration. No facts have been pleaded by which this Court could infer that the Union's treatment of the appellant's grievance was arbitrary, discriminatory or in bad faith. *See Eastern Lancaster.* The appellant's assertions that the Union acted wilfully, wantonly and fraudulently were mere conclusions of law on his part and do not rise to the level of well-pleaded facts.

We will therefore affirm the order of the court below sustaining the appellees' preliminary objections and dismissing the appellant's complaints.[5]

### ORDER

AND Now, this 5th day of February, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

[5] Inasmuch as the appellant must prove that he was unfairly represented by the Union before he can successfully bring a related action against the County for wrongful discharge, *Vaca; Eastern Lancaster,* we must also affirm the dismissal of the complaints against the County.

448

Judge Rogers dissents.

Judge Palladino did not participate in the decision in this case.