Jacqueline **CARR**

v.

The **TIMES PICAYUNE PUBLISHING CORPORATION.**

No. 84–5142.

United States District Court, E.D. Louisiana.

March 22, 1985.

Jacqueline Carr, Covington, La., for plaintiff.

Rutledge C. Clement, Jr., Amelia J. Williams, Phelps, Dunbar, Claverie & Sims, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

This matter is before the Court on motion of counsel for the defendant, Times Picayune Publishing Corporation, seeking dismissal of plaintiffs' suit pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed.R. Civ.P. on the grounds that this Court lacks subject matter jurisdiction, and that the Complaint fails to set forth a claim upon which relief can be granted. Defendant further moves for sanctions pursuant to Rule 11 of the Fed.R.Civ.P. and pursuant to 28 U.S.C. § 1927 on the grounds that this suit should be dismissed with sanctions as having not been filed in good faith or for a proper purpose. Wherefore, after a careful consideration of the submitted memoranda, the facts of this case, and the applicable law, the Court will GRANT defendant's motion to dismiss and will grant a further hearing as to sanctions in this matter.

## REASONS

On November 9, 1983, Jacqueline Carr, along with two other plaintiffs, filed a prior civil action (No. 83–5229) in this Court, alleging that various St. Tammany Parish and Louisiana state public officials, through their actions in changing the St. Tammany Home Rule Charter, somehow denied Ms. Carr the right to seek public office, namely a seat on the St. Tammany Parish Council and/or the St. Tammany Police Jury. That earlier Complaint alleged various actions and schemes on the part of the defendants purportedly designed to prevent plaintiff from exercising her right to run for public office.

On June 28, 1984, plaintiffs were ordered by this Court to amend their Complaint within ten days, for the purpose of more clearly setting forth their amorphous claims against The Times-Picayune Publishing Corporation (The Times-Picayune). Due to plaintiffs' failure to timely amend, all claims against The Times-Picayune were dismissed on July 31, 1984. A motion for entry of final judgment on behalf of The

Times-Picayune was granted by this Court on December 5, 1984.

The instant civil action, filed on October 23, 1984, arises out of the same operative facts as Civil Action 83–5229. Plaintiff again contends that The Times-Picayune violated her civil rights and damaged her reputation. The Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331 due to defendant's purported violation of certain civil rights statutes; the state law defamation claim is tacked on through pendent jurisdiction.

Plaintiff instituted this civil action against The Times-Picayune for defamation and for the alleged deprivation of her civil rights under 42 U.S.C. §§ 1973, 1981, 1983, and 1985. The Court will take up each of these allegations in turn.

### I. *42 U.S.C. § 1973 And 1981*

Plaintiff vaguely asserts that certain public officials and The Times-Picayune engaged in conspiratorial activities which allegedly violated her civil rights. The claims do not give any indication of the specific manner in which defendant is allegedly liable for a federal statutory breach.

 It is well settled that § 1981 only addresses discrimination based on an individual's race. *Adams v. McDougal,* 695 F.2d 104, 107 (5th Cir.1983); *White v. Washington Public Power Supply System,* 692 F.2d 1286, 1288 (9th Cir.1982). A showing of a racially discriminatory purpose is likewise required to prevail in a § 1973 action. *Bolden v. City of Mobile,* 542 F.Supp. 1050, 1071, (S.C.Ala.1982).

 In *Gremillion v. Rinaudo,* 325 F.Supp. 375, 377 (E.D.La.1971), the Court stated that a voting rights statute, such as § 1973, protects voters from denial of their right to vote where the basis for the infringement is racial discrimination. In granting defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), the *Gremillion* court observed that the threshold inquiry, when reviewing the mer-

its of such a motion, is one of determining whether or not plaintiff's allegations of wrongdoing are, as a matter of law, encompassed within the terms of the statute upon which he relies for subject matter jurisdiction. Since Ms. Carr fails to allude to any purported act of racial discrimination, she has failed to state a claim under §§ 1973 and 1981.

Aside from plaintiff's factual deficiencies relative to her §§ 1973 and 1981 claims, defendant asserts that the lawsuit should be dismissed for failure to demonstrate that The Times-Picayune even inferentially acted "under color of state law."

### II. *42 U.S.C. §§ 1983 And 1985*

Before a claim for relief pursuant to 42 U.S.C. § 1983 will be granted, a plaintiff must allege and prove: (1) a deprivation of a federal or constitutional right which (2) resulted from an action committed by a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

Despite a contrary suggestion in *Flagg Bros. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), the Supreme Court in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), held that conduct that constitutes "state action" for purposes of the Fourteenth Amendment due process clause is also conduct "under color of state law" for purposes of § 1983 actions. In *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), the Court identified three factors to be considered in determining whether particular conduct constitutes "state action:"

(a) There must be "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the State itself," and

(b) The nexus must be such that the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state," and

(c) The entity has exercised powers "that are 'traditionally the exclusive prerogatives of the state.' "

102 S.Ct. at 2786.

■ Analyzed in the light of these principles, the Complaint makes only the most superficial allegations that The Times-Picayune acted "in concert" with the various state and parish officials to deprive the plaintiff of her rights. These vague and conclusory assertions do not satisfy the state action and detailed pleading prerequisites of 42 U.S.C. §§ 1983 and 1985, as courts have consistently required. *See, e.g., Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); *Cooper v. Aaron,* 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); *Evans v. Abney,* 396 U.S. 435, 90 S.Ct. 628, 24 L.Ed.2d 634 (1970).

Numerous courts have granted motions to dismiss for failure to state a claim on the grounds that the plaintiff's civil rights claims consisted of bald conclusory statements devoid of factual basis. *Arsenaux v. Roberts, et al.,* 726 F.2d 1022 (5th Cir. 1982); *McClure v. Esparza,* 556 F.Supp. 569, 571 (E.D.Mo.1983), *aff'd* 732 F.2d 162 (8th Cir.1984); *Dubray v. Rosebud Housing Authority,* 565 F.Supp. 462, 465 (D.S. D.1983); *Cole v. Gray,* 638 F.2d 804, 811 (5th Cir.), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 120 (1981).

In *Brown v. Southeastern Pennsylvania Transportation Authority,* 519 F.Supp. 864, 866 (E.D.Pa.1981), the Court granted defendant's motion to dismiss for failure to state a cause of action under § 1985 where the Complaint alleged no specific conduct indicative of a conspiracy, but, instead, made only a conclusory statement that a private and public entity conspired to deprive him of his due process rights.

An examination of the Complaint reveals no specific factual allegations of any conspiratorial actions taken by The Times-Picayune. Indeed, it neglects to give even a general description of the manner in which the defendant purportedly maintained a symbiotic relationship with any state or parish official. Plaintiff alleges only that The Times-Picayune conspired with state officials, at some unspecified time, in an unspecified location, and in an unspecified manner, to somehow violate unspecified civil rights.

It would be patently unreasonable to expect defendant to defend against these vague and conclusory civil rights claims. Because plaintiff has failed to allege with any specificity how the newspaper, clearly a private entity, acted under color of state law or conspired with state officials to violate her civil rights, the Complaint fails to state a claim under either § 1983 or § 1985.

■ Finally, plaintiff attempts to predicate subject matter jurisdiction on the presence of a federal question under 28 U.S.C. § 1331. It is well settled that the party seeking to invoke the jurisdiction of a federal court has the burden of affirmatively establishing that jurisdiction exists. *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1232 (5th Cir.1973). As noted previously, plaintiff has failed to state a cause of action pursuant to the federal statutes to which she refers in her Complaint. No other federal statute or constitutional provision which might provide a separate and independent basis for subject matter jurisdiction exists. There is likewise no diversity of citizenship among the parties, and, accordingly, the pendent claims must fall where there is no federal undergirding.

It is clear that plaintiff's asserted jurisdictional basis is statutorily unjustified and insufficient; accordingly, dismissal of this capricious and unsubstantiated claim under Rule 12(b)(1) of Fed.R.Civ.P. is mandated. See *Save Our Cemeteries, Inc. v. Archdio-*

*cese of New Orleans, Inc.,* 568 F.2d 1074, 1077 (5th Cir.), *cert. denied,* 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 133 (1978).

■ Finally, defendant asserts that plaintiff's latest drafting efforts stand in blatant violation of Rule 11, Fed.R.Civ.P., which requires that all pleadings be filed in "good faith" and after reasonable inquiry to ascertain that the allegations are "well grounded in fact." The Court agrees. The allegations in the instant Complaint are not "well grounded in fact" because they find no support in any possible theory of law or any possible interpretation of the facts. The filing of the Complaint contravenes Rule 11's requirement that claims be "warranted by existing law" or in "good faith," and is in the Court's opinion meant merely "to harass" the defendant. Plaintiff has unreasonably increased litigation cost and clogged the judicial system by instituting this suit which merely duplicates the previously dismissed action and which is nothing more than a facile attempt to circumvent plaintiff's abject failure to abide by this Court's order to amend the Complaint in Civil Action 83–5229. Such an unwarranted litigation practice demands the application of sanctions under Rule 11 as well as under 28 U.S.C. § 1927. Accordingly, the Court will invite counsel for defendant to file a motion and affidavits as to what costs and attorney's fees were incurred by defendant.

IT IS ORDERED that plaintiff's Complaint in this case is hereby dismissed.