**Vera CHRISTIAN, Appellant,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided Dec. 16, 1998.

C. George Milner, Philadelphia, for appellant.

Barbara A. McNeil, Philadelphia, for appellee.

Before SMITH, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Vera Christian appeals from a Philadelphia County Court of Common Pleas, First Judicial District decision granting the preliminary objections of the School District of Philadelphia (school district) and dismissing her petition to confirm arbitration award.[1]

Christian taught in the Comprehensive Day Care (CDC) Program that the school district administered. Pursuant to a reorganization plan implemented by school district management, that program was terminated. The Philadelphia Federation of Teachers (union) thereafter filed an unfair labor practice charge against the school district pursuant to Section 1201 of the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.1201. On February 14, 1997, a hearing examiner issued a proposed decision and order (PDO) in the union's favor. The hearing examiner directed, inter alia, that the school district

(a) Rescind the CDC reorganization plan, restore all employes to former positions without prejudice and make all employes whole for any loss in wages, seniority or other benefits[.]

Other than paying unused vacation pay, the school district did not comply with the hearing examiner's order, which the Pennsylvania Labor Relations Board (Board) had made absolute and final, although subject to a modification not pertinent here.

Christian then filed a "Petition to Confirm Arbitration Award, Enter Judgment Thereon [a]nd To Assess Damages." The school district in turn filed preliminary objections to the petition, asserting that Christian did not have standing to file such a petition. The common pleas court granted the preliminary objections, deciding that Christian did not have standing as an individual to bring the petition. The court held that only the union had standing to vindicate rights adjudicated in an unfair labor practice action. This appeal followed.

The question that we must decide is whether Christian, as the beneficiary of a back pay award, has standing to bring a petition to confirm that award where the school district does not comply and the union does nothing to enforce the Board's decision.

Although Christian acknowledges that an employee usually has no standing to pursue an individual appeal from an arbitrator's award, she points out that, here, she is instead seeking to enforce an order of the Board with which she is satisfied, and which recognizes an unfair labor practice.[2] Therefore, Christian argues, her situation falls under the exception to the rule that individual union members do not have standing (a principle usually adhered to when an arbitrator upholds a discharge or other disciplinary action).

Christian first cites Martino v. Transport Workers' Union of Philadelphia, Local 234 and SEPTA, 505 Pa. 391, 480 A.2d 242 (1984) to support her position that, if an employee asserts that her union in bad faith failed to pursue her remedies, then that employee has standing to sue the employer directly. This is because, the argument goes, the employer effectively becomes an indispensable party to the dispute between the employee and his union, where that dispute cannot be fully resolved without the employer's participation.

---

**1.** We note that the common pleas court reached its decision by entering two separate orders on the same day. One order related to the school district's preliminary objections, and the other related to Christian's petition to confirm. Because the order granting the school district's preliminary objections and the order dismissing Christian's petition to confirm have the same effect, we will treat them as one decision for our purposes.

**2.** Since Christian styled her petition as a petition to confirm an arbitration award, for purposes of clarification only, we note our agreement with the school district's assertion in its brief that no arbitration actually occurred.

In defining its earlier decision in *Ziccardi v. Commonwealth of Pennsylvania,*[3] 500 Pa. 326, 456 A.2d 979 (1982), the Supreme Court said

> that an employee may seek in equity under either our state or federal law by joining his employer where the union breaches its duty of fair representation when such joinder is necessary to afford him an adequate remedy. However, the union's misconduct should not deprive the employer of all the procedural and substantive benefits of the bargained for grievance procedure, a procedure which [Act 195] mandates. *Therefore, we also hold that the employee's relief under [Act 195] is limited to an order from the chancellor compelling arbitration of the underlying grievance.*

*Martino,* 505 Pa. at 397, 480 A.2d at 245. (Emphasis added). The *Martino* Court explained that *Ziccardi* was not inconsistent with its decision where *Ziccardi* held that the employee could not sue her employer *based on the collective bargaining agreement.* Nevertheless, *Martino* certainly does not support the remedy that Christian seeks here—that in this suit between Christian and the school district the common pleas court should reduce the Board's order to judgment, so that damages may be assessed and she may enforce collection of the payment allegedly due from the district.

Christian also cites *Rutledge v. SEPTA,* 52 Pa.Cmwlth. 308, 415 A.2d 982 (Pa.Cmwlth. 1980), apparently to support her assertion that she can sue the school district directly in a court of equity, without union participation. In *Rutledge,* the employee, *inter alia,* sued SEPTA in common pleas court for dismissing him without just cause and sued his union for breaching its duty of fair representation by failing to demand arbitration on his behalf. We decided that indeed the employee could

sue his union for damages for breach of the duty of fair representation for failing to pursue grievance procedures and could join the employer for taking part in the breach. We further decided that, pursuant to the relevant provisions of Act 195, the Board did not have exclusive jurisdiction over this type of suit.[4] Once again, however, *Rutledge* does not stand for the proposition that Christian seeks to assert—that *she herself* may bring an action against her employer in common pleas court, *seeking enforcement of the Board's order in her favor.*

Although we know of no case on all fours with the one at bar, there is abundant legal precedent, spanning many years, that appears at odds with Christian's contention that she has standing as an individual to seek to enforce the Board's order. For example, in *Warwick v. Pennsylvania Labor Relations Board,* 671 A.2d 1199 (Pa.Cmwlth.1996), *appeal denied,* 545 Pa. 666, 681 A.2d 180 (1996), we explained that the appellant, a former City of Wilkes–Barre police officer, did not have standing to bring an unfair labor practice charge against the city, since only his bargaining representative could bring such an action based on the employer's violation of its statutory duty to bargain. In *Roderick v. Pennsylvania Labor Relations Board,* 86 Pa. Cmwlth. 278, 484 A.2d 841 (Pa.Cmwlth.1984), we held that petitioners, drug or criminal investigators in the Attorney General's Office, did not have standing as individuals to compel implementation of an advisory arbitration award recommending their placement in higher job classifications. Furthermore, in *McCluskey v. Department of Transportation,* 37 Pa.Cmwlth. 598, 391 A.2d 45 (Pa. Cmwlth.1978), we said that, where the Commonwealth and union were the only parties to an arbitration, only they, not the furloughed employees, had standing to appeal

---

**3.** In *Ziccardi,* the Supreme Court held, *inter alia,* that, generally, an employee does not have the right to sue his or her employer in assumpsit or equity for wrongful discharge where the union will not arbitrate.

**4.** We note that, in *Fouts v. Allegheny County,* 64 Pa.Cmwlth. 441, 440 A.2d 698 (Pa.Cmwlth. 1982), we overruled *Rutledge* to the extent that it

held that the Board did not have exclusive jurisdiction over an employee's suit against his union for unfair representation, since such a claim amounts to a charge of an unfair labor practice. Later, in *Ziccardi,* cited above, the Supreme Court held, *inter alia,* that a union's refusal to arbitrate a grievance is not an unfair labor practice.

from the arbitrator's determination.[5] We have already mentioned our Supreme Court's decision in *Ziccardi*.

In the matter *sub judice*, as previously set forth, Christian's union filed the unfair labor practice charge against the school district. Therefore, the union and the school district, not Christian, were parties to that underlying action. That said, while Section 1301 of Act 195, 43 P.S. §1101.1301 gives the Board exclusive powers to prevent unfair labor practices, section 1501 of Act 195, 43 P.S. §1101.1501 also provides that, when the Board brings an enforcement action in the common pleas court, "[t]he parties before the court shall be the board, the person charged with the commission of any unfair labor practice, *and may include the charging party.*" (Emphasis added). We note, however, that the instant action is not an enforcement action brought by the Board, and this statutory language does not necessarily confer standing upon Christian as an individual to seek to enforce the Board's order in common pleas court.

As we explained in *Hotel & Restaurant Employees International Union Local No. 391–AFL–CIO v. School District Allentown City,* 702 A.2d 16, 18–19 (Pa.Cmwlth.1997) (emphasis added):

> [Act 195] thus provides a comprehensive statutory scheme for enforcement of orders to prevent unfair labor practices, including the refusal to comply with an arbitrator's award. *Jurisdiction of the common pleas court's jurisdiction [sic] is not invoked until the [Board] has determined that an unfair labor practice has occurred, and then solely on petition of the [Board], for enforcement purposes.*

Finally, we have no knowledge whether Christian or her union ever brought the school district's alleged failure to comply with the Board's order to the Board's attention, so that it might seek enforcement of its order in the common pleas court. *See, e.g., Pennsylvania Labor Relations Board v. Ficon, Inc.,* 434 Pa. 383, 254 A.2d 3 (1969), where the Board filed a petition for enforcement of its order upon learning that the employer, Ficon, had not complied. We do not even know if the union—as the charging party below—is aware of the school district's alleged failure to comply with the Board's order. Moreover, if the union is aware of a lack of compliance by the school district but does not so inform the Board, or does not urge the Board to act in response, we do not know why Christian does not sue the union for failure to pursue her remedies.

Because only the Board has the power to seek to enforce its own order in common pleas court, we will affirm the decision of the common pleas court both granting the school district's preliminary objections to Christian's petition to confirm arbitration award and dismissing that petition.

### ORDER

AND NOW, this 16th day of December, 1998, the decision of the Court of Common Pleas of Philadelphia County, First Judicial District, dated September 9, 1997, is hereby affirmed.

COLINS, President Judge, did not participate in the decision in this case.

---

**5.** Although *McCluskey* was disapproved on other grounds in our Supreme Court's plurality opinion in *Official Court Reporters of the Court of Common Pleas of Philadelphia County v. Pennsylvania Labor Relations Board,* 502 Pa. 518, 467 A.2d 311 (1983), it was cited with approval therein for the above proposition of law.