**John A. KOZURA, Appellant,**

v.

**TULPEHOCKEN AREA SCHOOL DISTRICT and Tulpehocken Education Association.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2000.

Decided Dec. 26, 2000.

Maryann Q. Modesti, LaFayette Hill, for appellant.

Stephen H. Price, Reading, for appellees.

Before COLINS, Judge, PELLEGRINI, Judge, and NARICK, Senior Judge.

COLINS, Judge.

John Kozura appeals the order of the Court of Common Pleas of Berks County granting the Tulpehocken Area School District's (School District) motion to quash his petition for review on the ground that

Kozura lacked standing to appeal an arbitrator's decision denying him back pay and benefits.

Kozura was employed by the School District as a math and science teacher for the 1996–1997 school year. On May 9, 1997, the School District suspended Kozura without pay for the remainder of the year based on complaints it received about his teaching style. The School District discharged Kozura in July 1997 after notice and a hearing. The Tulpehocken Education Association filed a grievance on Kozura's behalf, and the grievance proceeded to arbitration. The arbitrator reinstated Kozura to his teaching position, but denied his claim for back pay and benefits.

Kozura filed a petition for review with the trial court, which granted the School District's motion to quash. In his order granting the motion to quash, the trial judge found that Article XIX of the collective bargaining agreement (CBA) in effect between the School District and the Education Association gave the Education Association the exclusive right to pursue arbitration and that therefore, only the Education Association, a party to the arbitration proceeding, may appeal it. (January 28, 200 order, p. 2, paragraph 6.) In a memorandum opinion in support of his order, the trial judge agreed that Article XIX of the CBA and Section 606 of the Pennsylvania Employe Relations Act (PERA)[1] permit an employee to pursue grievances without union representation, but concluded that neither the CBA nor PERA specifies who may appeal an arbitrator's award. Citing our decision in *Krenzelak v. Canon–McMillan School District*, 129 Pa.Cmwlth. 490, 566 A.2d 346 (1989), *petition for allowance of appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990), the trial judge concluded that where the language of PERA and the CBA does not specify who may appeal an

arbitrator's award and the union submitted the employee's grievance to arbitration, the employee, who was not a party in the arbitration proceedings, has no standing to appeal the arbitrator's award.

The single issue before us is whether the trial judge erred as a matter of law when he concluded that Kozura lacked standing to appeal the arbitrator's award under the CBA. Kozura argues that his standing to pursue his appeal emanates directly from the language of the CBA which permits an individual employee to pursue a grievance and arbitration without union representation; that only when the CBA gives the union the exclusive right to submit an employee's grievance to arbitration does the individual employee lack standing to appeal the arbitrator's award. Citing *McCluskey v. Department of Transportation*, 37 Pa.Cmwlth. 598, 391 A.2d 45 (1978), the Education Association argues that when the union and the employer are the sole parties to an arbitration, only the parties, and not the employee, may appeal.

■ Section XIX of the CBA,[2] Grievance and Arbitration Procedure, provides a four-step grievance procedure. At each of the four steps, the CBA permits the employee to proceed with or without union representation. Step four provides that a grievance may be referred to arbitration. Step four provides, "The Employee(s) and the School District may be represented at the arbitration by counsel and the Employee(s) by a representative of the Association." Section XIX of the CBA goes on to provide, in pertinent part,

B. General

1. The award and decision of the arbitrator shall be final and binding on both parties provided, however, that the arbitrator shall have the authority only to interpret and apply the provision of this

1. Act of July 23, 1970, P.L. 563 *as amended*, 43 P.S. § 1101.606.

2. The collective bargaining agreement is attached as Exhibit B to the stipulation of facts between Kozura and the Education Association filed with the trial court on November 1, 1999.

Agreement and shall have no authority to add to, detract or alter same.

. . . .

8. If the grievance is the result of an action of the School Board, the Association may make a written request to the Chief School Administrator to set up a hearing before the Personnel Committee of the School Board. The processing of such grievance shall be commenced at Step Three.

. . . .

10. An Employee may be represented at any and all steps of this procedure by a person of their [sic] choice.

11. When the Employee does not want to be represented by the Association, the Association shall have the right to be present.

Plainly, the CBA does not give the Education Association the exclusive right to pursue arbitration of a grievance, and the trial judge misstated this fact in his order quashing Kozura's appeal. (January 31, 2000 order, paragraph 6.) That being said, we cannot conclude that the trial judge erred in concluding that Kozura lacks standing to appeal the arbitration award.

In *Krenzelak*, 566 A.2d at 347–48, we adopted the reasoning in *McCluskey* to conclude that where the collective bargaining agreement does not specify who may appeal an arbitration decision, and the individual employee was not a party to the arbitration, that employee may not appeal the arbitrator's decision. *McCluskey* emphasized the notion that the contractual grievance procedure acts as settlement machinery that would be undermined if an individual employee could compel the taking of additional steps in the furtherance of the employee's grievance regardless of its merit.

**3.** Similarly, our more recent opinion in *Christian v. School District of Philadelphia*, 722 A.2d 236 (Pa.Cmwlth.1998), concluded that

■ Although the CBA may give the employee the right to reject union representation at any step in the grievance procedure, it does not permit the employee to reject union representation after arbitration, and it does not state that the employee may appeal the arbitrator's award. In *Krenzelak*, as in Kozura's case, the union requested arbitration of the employee's grievance, the union and the employer were parties to the arbitration, and we concluded that the individual employee, as a non-party, had no standing to appeal the arbitrator's award. Based on *Krenzelak*, Kozura's appeal must fail.[3]

Accordingly, we affirm the trial court's order.

## O R D E R

AND NOW, this 26th day of December 2000, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.

an individual employee has no standing to enforce an arbitrator's award.