556 F.Supp. 569 (1983)
Walter McCLURE, Plaintiff,
v.
Demas ESPARZA, et al., Defendants.
No. 82-1324C(4).
United States District Court, E.D. Missouri, E.D.
January 31, 1983.
*570 Grace M. Nichols, Bridges & Nichols, St. Charles, Mo., for plaintiff.
Bruce A. Ring, Chief Counsel State Highway Commission, Jefferson City, Mo., Joy Ryan, Missouri Highway & Transp. Comm'n, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendants' motion to dismiss. Fed.R.Civ.P. 12(b).
The present complaint, filed August 17, 1982, alleges that plaintiff, Walter McClure, was discharged by the defendant Missouri Highway and Transportation Commission (the Commission) because of his race. The named individual defendants are or were all member commissioners and employees of the agency.
This is the fourth action plaintiff has filed against the Commission based on the same 1979 firing. However, the individual defendants are included here for the first time. Each of the previous cases was denominated Walter McClure v. Missouri Highway and Transportation Commission. The first two were filed in the federal district court for the Eastern District of Missouri, cause nos. 80-0554C(4) and 80-1461C(5), respectively. The latter cause was dismissed and subsequently affirmed by the Eighth Circuit Court of Appeals, 676 F.2d 705 (1982). Plaintiff then filed the same action in the Circuit Court of the City of St. Louis, cause no. 814-00278. That action was dismissed on February 24, 1982, on procedural grounds and because of the Commission's sovereign immunity.
Additionally, plaintiff's claims have been reviewed and denied by the Equal Employment Opportunity Commission, charge nos. XXXXXXXXX and XXXXXXXXX, and the Missouri Commission on Human Rights, case no. FE-11/79-2441.
In plaintiff's first action in this court, counsel was appointed and later permitted to withdraw. In requesting leave to withdraw, counsel reported that he was bound by ethical responsibility as an officer of the *571 court to avoid advancing unwarranted claims. The Court dismissed this initial complaint against the defendant for inadequate service of process. The Court, in ruling on plaintiff's motion to reconsider the dismissal, stated:
... courts, as well as the members of the Bar and pro se litigants who practice before it, are under a continuing obligation not to thwart the administration of justice by prolonging frivolous actions. See Rule 1, Fed.R.Civ.P.; D.R. 2-110(B)(1), E.D. 704, Code of Professional Responsibility.
Reviewing the pleadings in the light most favorable to the plaintiff, the Court concludes plaintiff's complaint is meritless.
Cause No. 80-0554, order of Aug. 28, 1980.
In view of the repetitive filings which have ensued and because of the chaotic and confused pro se papers which have been filed in the present action, the Court again appointed an attorney for plaintiff by order of November 29, 1982.
The Court has considered the entire record, including the able briefs of counsel and the oral argument offered upon request of the Court with respect to the numerous legal and equitable considerations involved in this matter.
The Court is bound by the previous determination of the Court of Appeals which found that plaintiff's claim under 42 U.S.C. § 2000e is barred for jurisdictional reasons. This claim is dismissed as to all defendants with prejudice.
Plaintiff's complaint is also barred as against the Commission under 42 U.S.C. §§ 1981, 1983, and 1985, based on its immunity from respondeat superior liability. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 2033, 56 L.Ed.2d 611 (1978). These claims are dismissed with prejudice.
The complaint is likewise inadequate against the named individual defendants under 42 U.S.C. §§ 1981, 1983, and 1985. No allegations of any kind are lodged against defendants Clay, Peck, or Wester. The remaining allegations considered as a whole are so conclusory and devoid of factual basis as to warrant dismissal based upon Fed.R.Civ.P. 12(b)(6). See, e.g., Geromette v. General Motors Corp., 609 F.2d 1200 (6th Cir.), cert. denied, 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1979).
Counsel argues that plaintiff has never obtained a full hearing on the merits. The Court is cognizant of this fact, yet the hearing of every such complaint filed in this district would appear an impossibility. Keeping in mind the considerations recently expressed by the dissent in Ashby v. Wyrick, case no. 693 F.2d 789 (8th Cir.1982), it is the opinion of the Court that dismissal of this action is in the best interests of sound judicial administration and necessary to promote the fair and efficient resolution of the controversies among all of the litigants whose actions presently await hearing on the crowded docket of this Court.