901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Francis J. THOMPSON, et al., Appellants,
v.
BRITISH AIRWAYS, INC., et al.
 No. 89-7128.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the district court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order of April 18, 1989 be remanded in part, and affirmed in part for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 A two-stage inquiry is necessary to determine whether the district court had jurisdiction over Thompson's complaint. First, the court must determine whether "treaty jurisdiction" exists under the language of the Warsaw Convention. See Kapar v. Kuwait Airways Corp., 845 F.2d 1100, 1104 (D.C.Cir.1988); 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (1982). The court would appear to have treaty jurisdiction over TWA on the basis of its being domiciled in the United States. T.S. No. 876 art. 28(1).
 
 
 5
 The question of treaty jurisdiction over UTA, however, is more problematic. UTA's domicile and principal place of business are in France. Furthermore, since the Flight Interruption Manifest allowing the Thompsons to travel via UTA was issued in London, "the contract [was] made" there, rather than in Washington, D.C. Id. Similarly, the Thompsons' UTA flight was not part of a "single operation" of "undivided transportation." Therefore, their "destination" was Sierra Leone, not Washington, D.C. See In Re Alleged Food Poisoning Incident, March, 1984, 770 F.2d 3, 5 (2d Cir.1985). Consequently, the district court lacked treaty jurisdiction as to UTA.
 
 
 6
 Second, the court must determine whether "domestic jurisdiction" is present. Kapar, 845 F.2d at 1104. Thompson's case exclusively "arose under" the Convention, a treaty signed by the United States. See St. Paul Ins. Co. v. Venezuelan Int'l Airways, 807 F.2d 1543, 1546 (11th Cir.1987). Therefore, the court had jurisdiction under 28 U.S.C. Sec. 1331 (1982), as alleged in Thompson's original complaint, regardless of his ability to satisfy the amount-in-controversy requirements of other jurisdictional statutes. For this reason, we remand this case for consideration of Thompson's breach of contract and negligence claims against TWA, which the court "d[id] not reach." Opinion, at 4.
 
 
 7
 We affirm, however, the district court's disposition of Thompson's discrimination and punitive damages claims. Thompson's discrimination allegations are "conclusory and devoid of factual basis," justifying dismissal. See McClure v. Esparza, 556 F.Supp. 569, 571 (E.D.Mo.1983), aff'd, 732 F.2d 162 (8th Cir.), cert. denied, 471 U.S. 1052 (1984). Similarly, Thompson alleges no facts indicating that TWA committed predicate "intentional or reckless acts" justifying a punitive damages award. See Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1486 (11th Cir.1989). Therefore, the question of whether punitive damages may be recovered under the Warsaw Convention need not be reached.
 
 
 8
 Finally, we conclude that the court did not abuse its discretion in dismissing Thompson's motions to amend his complaint, to compel discovery, and for sanctions.