Rodney Alliston et al., Appellants *v.* The City of Allentown, Pennsylvania, Appellee.

Argued November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three. Reargued September 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR., CRAIG, MAC-PHAIL and DOYLE.

*Thomas J. Calnan, Jr., Stanberg, Caplan & Calnan,* for appellants.

*Jack I. Kaufman,* Assistant City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 24, 1983:

Rodney Alliston, with other former employees[1] of the City of Allentown, appeals a Lehigh County Common Pleas Court order remanding an arbitration award for clarification. We affirm in part and reverse in part.[2]

The City of Allentown and appellants voluntarily submitted a "cost-of-living payment to terminated employees" dispute to arbitration. His award, favoring the employees, included a finding that, when they terminated their employment prior to the quarterly cost-of-living payment, the City was required to make a final payment to them even though they were not in payroll status at the time of the adjustment.

The award was entered on October 30, 1979; when the City failed to appeal the arbitration award, appellants sought confirmation under the Uniform Arbitration Act (Act).[3] The trial court, characterizing the City's failure to comply with the arbitration award as an unfair labor practice, held that it had no jurisdiction to prevent unfair labor practices, it being vested exclusively in the PLRB under the provisions of the Public Employe Relations Act (PERA).[4] The ter-

[1] Appellants are eighty-two employees of the City of Allentown who terminated their employment with the City during the years 1977-79.

[2] This case was originally argued before a panel but was set down for reargument before the court en banc in September 1982 because of the important issue presented in this appeal.

[3] Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §169, repealed by the Act of October 5, 1980, P.L. 693, 42 Pa. C. S. §20002. A similar provision is now found at 42 Pa. C. S. §7313.

[4] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101. The enforcement provision of PERA is found at 43 P.S. §1101.1301.

minated employees appealed the remand order, asserting that the common pleas court did indeed have jurisdiction.

Thus, the narrow issue presented for our determination is:

When a party against whom a binding arbitration award[5] is entered fails to comply, may the awardee so favored confirm the award under the Act or does exclusive jurisdiction for enforcement rest with the PLRB?

Section 9 of the Act[6] provides:

At any time within one year after the award is made any party to the arbitration may apply to the court having jurisdiction for an order confirming the award, and thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected. . . .

The City never sought to vacate, modify or correct the award as provided in the Act,[7] nor did it challenge the validity of the arbitrator's award. Instead, it merely refused to make the awarded payments.

In determining if the trial court did indeed have jurisdiction to entertain this motion, we cannot and do not consider the parties' likelihood of success on the

---

[5] 43 P.S. §1101.903, which provides in pertinent part:

Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree. Any decisions of the arbitrator or arbitrators requiring legislation will only be effective if such legislation is enacted. . . .

[6] 5 P.S. §169.

[7] 5 P.S. §170 provides for the vacation of an arbitration award. 5 P.S. §171 provides for modification or correction of an award.

merits. That has no bearing on the issue at hand, to wit—jurisdiction. *Martino v. Transport Workers Union of Philadelphia—Local 234,* ___ Pa. Superior Ct. ___, 447 A.2d 292 (1982). We will ignore the obvious impropriety of the City's conduct.[8]

At the outset, it is important to be reminded of the public policy considerations of PERA, *i.e.,* to "promote orderly and constructive relationships between all public employers and their employes. . . ." To effect this result the legislature ordained "procedures to provide for the protection of the rights of the public employe, the employer and the public at large."[9]

Thus, the legislature provided a procedure for failure "to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX" declaring it as an unfair labor practice.[10] Moreover, the legislature vested exclusive authority in the PLRB to prevent such a practice.[11] The appel-

---

[8] We, by this Opinion, make no judgment as to whether the City's conduct constitutes an unfair labor practice. Moreover, we note:

> [I]f a party directly seeks redress of conduct which *arguably* constitutes one of the unfair labor practices listed in Article XII (Section 1201) of the PERA, 43 P.S. §1101-.1201, (Supp. 1976), jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the PLRB, and nowhere else. . . . (Citations omitted; emphasis added.)

*Hollinger v. Department of Public Welfare,* 469 Pa. 358, 366, 365 A.2d 1245, 1249 (1976).

[9] 43 P.S. §1101.101.

[10] 43 P.S. §1101.1201(a)(8).

[11] 43 P.S. §1101.1301 provides:

> The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise.

lants, however, relied on the Act in asking judgment on the award.[12]

It is now clear that the Act was not impliedly repealed by PERA, *see, Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977). This Court has often confirmed arbitration awards in our original jurisdiction. *See Association of Pennsylvania State College and University Faculties v. Commonwealth,* 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). But, the apparently irreconcilable conflict between PERA and the Act is novel and has never been squarely presented to us before.[13]

In *Martino,* the Superior Court, after considering a challenge to the trial court's jurisdiction to hear a complaint against a union charging unfair representation, concluded that its factual matrix eliminated the charge provided in PERA.[14] In doing so, however, the Court wrote:

> [O]ur task is to examine the underlying statute, in this case the PERA, to determine whether or not it provides a specific exclusive constitutionally adequate method for the disposition of appellee's claim.
>
> It is true that §1301 of the PERA vests exclusive jurisdiction in the PLRB "to prevent any person from engaging in any unfair practice listed in Article XII of" the act. . . . Since an examination of the provisions of PERA

---

[12] 5 P.S. §169.

[13] In *Association of Pennsylvania State College and University Faculties v. Commonwealth,* the issue of whether the exclusive jurisdiction to entertain a suit involving unfair labor practices rested with the PLRB was raised by way of preliminary objections. However, the Commonwealth withdrew these objections before the issue was presented to this Court.

[14] 43 P.S. §1101.1201(b)(3).

shows that the legislature did not provide an exclusive, specific or adequate method for the disposition of appellee's claim in this case, it follows that the courts of common pleas have not been deprived of subject matter jurisdiction by the enactment of the PERA by the legislature.

*Martino* at , 447 A.2d at 302-03. In *Fouts v. Allegheny County,* 64 Pa. Commonwealth Ct. 441, 440 A.2d 698 (1982), this Court reached the same conclusion, stating:

We believe therefore that, insofar as the appellant seeks redress for allegedly unfair representation, such a claim amounts to a charge of an unfair labor practice and is subject to the exclusive jurisdiction of the PLRB.

*Id.* at 446, 440 A.2d at 701.

Our Supreme Court, in deciding whether the PLRB was required to review the underlying validity of a previously unchallenged arbitration award during a §1301 enforcement proceeding, wrote:

The aggrieved party may appeal the order of the arbitrator directly pursuant to the Arbitration Act, 5 P.S. §175 and Pa. R.J.A. 2101, or that party may decline to appeal the award, refuse to abide by its provisions, and, as was done by the Commonwealth here, treat the arbitrator's action as a nullity. *Such action, of course, forces the party in whose favor the arbitrator originally ruled to seek enforcement of the award through a Section 1301 enforcement action.* (Emphasis added.)

*Pennsylvania Labor Relations Board v. Commonwealth,* 478 Pa. 582, 588, 387 A.2d 475, 477-78 (1978).

In *Geriot v. Council of the Borough of Darby,* 491 Pa. 63, 417 A.2d 1144 (1980), the Supreme Court reversed this Court's holding that the PLRB had ex-

clusive jurisdiction over unfair labor practices committed by a party covered in Act 111.[15] In doing so, the Court held that 1) §1201(a)(8) of PERA "has no application to proceedings initiated under Act 111," *Id.* at 69, 417 A.2d at 1147, and that 2) "PERA, through §1201(a)(8), governs enforcement of 'grievance' arbitration awards." *Id.*

In a footnote, the Court distinguished between grievance and interest arbitration awards.

"Grievance" or "contract interpretation" arbitration contemplates the disputed interpretation of an existing contract. "Interest" arbitration contemplates an inability of the parties to agree on the terms of a collective bargaining agreement. (Citations omitted.)

*Id.,* n. 6. Clearly, the case before us today involves a grievance arbitration because the issue submitted to arbitration and agreed by the parties was the interpretation of a particular clause of the existing collective bargaining agreement.[16]

In *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 595, 375 A.2d 1267, 1276 (1977), our Supreme Court pointed out:[17]

---

[15] Act of June 24, 1968, P.L. 237, 43 P.S. §217.1, repealed insofar as inconsistent with the Act of March 1, 1974, 71 Pa. C. S. §5955 (Supp. 1981-82) (relating to the prohibition of collective bargaining on some subjects).

[16] The parties agreed that the issue to be submitted to arbitration was:

When an employee terminates his/her employment prior to the quarterly adjustment cost-of-living payment, as set forth in Article XXXIII, Section 2, A.(3), is the City required to make a final payment to the terminated employee, who is not in a payroll status at the time the payment would normally be made?

[17] In this case, the Court discussed several provisions of the Act and PERA that were inconsistent but *not irreconcilable* and, in doing so, the Court stated:

> Statutory repeals by implication are not favored. . . . The Statutory Construction Act of 1972, 1 Pa. C.S.A. §1971(c), instructs us that an implied repeal is not to be found "unless the two statutes are irreconcilable." (Citations omitted.)

Here, we hold that the legislature's mandate that the PLRB has *exclusive* jurisdiction in the prevention and enforcement of unfair labor practices and the refusal by the City to honor this award, being arguably an unfair labor practice under PERA,[18] preclude the common pleas court from exercising jurisdiction over this confirmation proceeding.

In agreeing with the trial court's resolution of the jurisdictional issue, we must, however, vacate its remand for clarification. Without jurisdiction at the outset, further remedial orders made by it are meaningless.

The order of the trial court is affirmed as to the jurisdictional issue and vacated as to its order of remand.

### ORDER

The decision of the Lehigh County Common Pleas Court, No. 80-E-45 is hereby affirmed in part and vacated in part.

---

We do not find in these few points of difference sufficient indication that the General Assembly of Pennsylvania, in enacting PERA, created such "irreconcilable conflict" as to justify a conclusion that the Act of 1927 in its entirety is inapplicable to PERA labor arbitration. Where conflict does exist, of course, PERA, as the most recently enacted of the two statutes, takes precedence and controls. *Id.* at 595-96, 375 A.2d at 1276.

[18] The appellants also filed an unfair labor practices charge which was dismissed by the PLRB as untimely filed. A second charge is currently being held until the resolution of this appeal.