523 A.2d 421

American Federation of State, County and Municipal Employees, District Council 47, AFL-CIO, by its *Trustee ad Litem,* Thomas Paine Cronin, Appellant *v.* City of Philadelphia, Appellee.

Argued December 10, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Alaine S. Williams, Kirschner, Walters & Willig,* for appellant.

*Jesse Milan, Jr.,* Chief Assistant City Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 30, 1987:

The American Federation of State, County and Municipal Employees, District Council 47, AFL-CIO (AFSCME) appeals a Philadelphia County Common Pleas Court order which granted the City of Philadelphia's (City) preliminary objections and dismissed AFSCME's complaint in equity with prejudice. We affirm.

Lloyd Chambliss, a City Area Youth Worker, was discharged for abandoning his position. AFSCME and the City, pursuant to their collective bargaining agreement, proceeded to binding arbitration to decide his employee grievance. An arbitrator ordered reinstatement without back pay. The City requested Chambliss

to take a physical examination before reinstatement. He refused and filed a complaint seeking an unqualified job reinstatement with the Pennsylvania Labor Relations Board (PLRB).

A hearing examiner, citing several PLRB decisions,[1] held that Chambliss did not have standing as an individual to file a Section 1201(a)(5)[2] unfair practice charge. Further, the examiner dismissed AFSCME's petition to intervene as untimely.

AFSCME then turned to the common pleas court and filed the instant complaint in equity seeking to have Chambliss reinstated. The City filed preliminary objections contending that exclusive jurisdiction for the enforcement of arbitration awards resides with the PLRB. The trial court agreed and dismissed this action on the basis of this Court's decision in *Alliston v. City of Allentown,* 71 Pa. Commonwealth Ct. 321, 455 A.2d 239 (1983), *remanded,* 504 Pa. 349, 473 A.2d 1016 (1984).

---

[1] *Pennsylvania Labor Relations Board v. Commonwealth (Bucks County Board of Assistance),* 88 Pa. Pub. Employee R. 116 (1977); *Pennsylvania Labor Relations Board v. Commonwealth,* 7 Pa. Pub. Employee R. 304 (1976).

*See Maggs v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 549, 413 A.2d 453 (1980). Since the collective bargaining agreement granted individuals the right to pursue grievances, this was an issue of first impression for the hearing examiner. Neither party has challenged the ruling.

[2] Section 1201(a)(5) of the Act, 43 P.S. §1101.1201(a)(5), reads as follows:

(a) Public employers, their agents or representatives are prohibited from:

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representive of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

We agree with the trial court's conclusion that the instant case falls squarely within the parameters delineated in *Alliston*. In *Alliston*, former Allentown city employees attempted to enforce an arbitration award in the common pleas court. The trial court declined to accept jurisdiction and this Court affirmed, holding

> that the legislature's mandate that the PLRB has *exclusive* jurisdiction in the prevention and enforcement of unfair labor practices . . . preclude the common pleas court from exercising jurisdiction over this proceeding.

*Id.* at 328, 455 A.2d at 243 (emphasis in original).[3]

The employees appealed our *Alliston* decision to the Supreme Court which, in a per curiam order without opinion, remanded the matter to the arbitrator for clarification of the award.

On the basis of that Supreme Court order, AFSCME argues that our legal conclusion has been reversed and contends that jurisdiction of Chambliss' grievance resides with the common pleas court. We disagree.

The Supreme Court has consistently held that, for purposes of enjoining an arguably unfair labor practice, jurisdiction of the grievance resides in the PLRB. *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976). By remanding to the arbitrator for clarification and *not* issuing any enforcement orders to the employer, we believe that the Supreme Court order in *Alliston* preserved the exclusive jurisdiction of the PLRB as found in Section 1301 of the Public Employe Relations Act.[4]

---

[3] However, we vacated that part of the trial court's order remanding the matter to the arbitrator reasoning that, without jurisdiction at the outset, further remedial orders made by it were meaningless.

[4] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1301.

In the instant case, the starting point for inquiry is whether the dispute between Chambliss and the City involves an arguably unfair labor practice. We believe that this matter constitutes such a dispute and hold that the proper forum for resolution of that issue is with the PLRB.

Finding no error of law, we affirm the common pleas court order.

ORDER

The Philadelphia County Common Pleas Court order, No. 249 dated September 24, 1985, is affirmed.