**HOTEL & RESTAURANT EMPLOYEES INTERNATIONAL UNION LOCAL NO. 391–AFL–CIO, Appellant,**

**v.**

**SCHOOL DISTRICT ALLENTOWN CITY.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1997.

Decided Oct. 20, 1997.

---

7. Due to my disposition of Claimant's first issue, I would have no need to consider Claimant's other arguments.

Quintes D. Taglioli, Allentown, for appellant.

Edward H. Feege, Lehigh Valley, for appellee.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal by the Hotel and Restaurant Employees International Union, Local No. 391, AFL–CIO (Union) of a Lehigh County Common Pleas Court order denying its motion for summary judgment and granting the summary judgment motion of the School District of the City of Allentown (School District).

This matter had its beginning in 1991, when the Union filed a grievance alleging that the School District had unilaterally changed the basis of paying School District kitchen helpers from a yearly salary to an hourly salary. The grievance proceeded to arbitration, and the arbitrator ruled in favor of the Union. His award was upheld by the common pleas court and by this Court. *School District of the City of Allentown v. Hotel and Restaurant Employees International Union, Local 391, AFL–CIO,* 654 A.2d 86 (Pa.Cmwlth.1995), *allocatur denied,* 541 Pa. 629, 661 A.2d 876 (1995).

In our decision there, we said, at 654 A.2d 87,

[t]he nub of the controversy in this appeal concerns the interpretation of the collective bargaining agreement (cba) between the school district and the union which became effective July 1, 1991 and expired June 30, 1994.

In sustaining the Union's grievance and ordering a remedy, the arbitrator stated one of the issues as follows.

Under the 1991–1994 Collective Bargaining Agreement, should General Kitchen Helpers be paid an annual salary or an hourly rate for actual hours worked?

(Arbitration Award, May 13, 1992, p. 1). The arbitrator then found that "the [School] District violated [the cba] by not paying the Helpers an annual salary based on 190–days.... Since the District has an obligation to ensure that each affected employee receives the 190–days pay and since there is still time remaining in the current school year, it is directed to pay all required compensation prior to the end of the school year." (Arbitration Award, 5/13/92, p. 8).

The School District paid the kitchen helpers for the 1991–92 school year in accordance with the binding arbitration award, but it has not paid kitchen helpers on an annual basis for the 1992–93 and 1993–94 academic years. Consequently, on March 22, 1996, the Union filed a complaint in equity in common pleas court, alleging that the School District refused to pay kitchen helpers for the latter two school years and continued to refuse to pay them for those years. The Union sought relief in the form of an order directing payment for those two years, for interest and for legal costs. The School District answered the complaint and alleged, in essence, that it was not obligated by the terms of arbitration award to pay kitchen helpers on an annual salary basis except for the 1991–92 academic year.

The common pleas court, on cross-motions for summary judgment, found that it had no jurisdiction because the Union was charging the School District with refusal to comply with a binding arbitration award, and such a refusal is an unfair labor practice as set forth in Section 1201(a)(8) of the PERA, 43 P.S. § 1101.1201(a)(8). The court reasoned that, as such, the charge lodged by the Union was within the exclusive jurisdiction of the Pennsylvania Labor Relations Board. *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245, (1976) ("if party seeks redress of conduct arguably constituting one of the enumerated unfair labor practices in Article XII of the PERA, jurisdiction to determine whether unfair labor practice has occurred is in PLRB, and nowhere else").

The court on this ground granted the School District's motion for summary judgment.

We state at the outset our agreement with the common pleas court that it had no jurisdiction to entertain the Union's complaint in equity. An examination of pertinent provisions of the PERA and recent caselaw will illustrate why we arrive at the same conclusion as that of the court below.

 Among the acts or omissions enumerated as unfair labor practices in Section 1201, Article XII of the PERA, is the refusal of an employer to comply with the provisions of a binding arbitration award. 43 P.S. § 1101.1201(8)(a). Article XIII, Section 1301, in turn, provides that the PLRB has *exclusive* jurisdiction to prevent unfair labor practices. 43 P.S. § 1101.1301.[1] Our Supreme Court, in construing this statutory provision, has pronounced that

> "the starting point in a consideration of whether the PLRB has original[2] jurisdiction of a dispute between public employes and their employer ... must be to ascertain whether the remedy sought is redress of an unfair labor practice. If it is, then the [PLRB] is vested with exclusive original jurisdiction by Section 1301 ... As we said ...'while this provision speaks directly to preventing, as distinguished from determining the occurrence of, an unfair labor practice, we think the latter function is implicitly embraced by the former.' Thus if a party directly seeks redress of conduct with arguably constitutes one of the unfair labor practices listed in Article XII of the PERA, jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so to prevent a party from continuing the practice is in the PLRB, and nowhere else."

*Hollinger*, 469 Pa. at 365–366, 365 A.2d at 1248–1249 (citations omitted).

It is settled, then, that redress of conduct which even arguably constitutes an enumerated unfair labor practice, is to be sought before the PLRB.[3] Once it is charged that a person has engaged in an unfair labor practice, the PLRB is authorized to issue a complaint and schedule a hearing on it. 43 P.S. § 1101.1302. If the PLRB determines, after a hearing, that an unfair labor practice has occurred, it may issue a cease and desist order, and mandate other reasonable affirmative actions. If the PLRB determines that an unfair labor practice has not occurred, it is to dismiss the complaint. 43 P.S. § 1101.1303.

After an unfair labor practice determination has been made, the PLRB is authorized subsequently to petition the common pleas court where the unfair labor practice has occurred for enforcement of its order, and may seek an appropriate restraining order or mandamus remedies as are "just and proper to effectuate the policies of [the PERA]." The record in such an enforcement proceeding is that which was made before the PLRB in the previous unfair labor practice proceeding, unless a party seeks to augment the record on good cause shown. 43 P.S. § 1101.1501.

The PERA thus provides a comprehensive statutory scheme for enforcement of orders to prevent unfair labor practices, including the refusal to comply with an arbitrator's

---

1. **§ 1101.1301. Exclusive power in board to prevent unfair practices**
 The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise.

2. That is, exclusive, jurisdiction. See *id.*, 469 Pa. at 365, n. 9, 365 A.2d at 1248, n. 9.

3. In *Alliston v. City of Allentown*, 71 Pa.Cmwlth. 321, 455 A.2d 239 (1983), *remanded* 504 Pa. 349, 473 A.2d 1016 (1984), not cited by either party, former municipal employees attempted to enforce an arbitration award in common pleas

court. The trial court concluded it was without jurisdiction and we upheld this decision, holding that the PLRB's jurisdiction was exclusive, and that, without jurisdiction at the outset, the trial court was powerless to issue further remedial orders. On appeal, the Supreme Court, by *per curiam* order without opinion, remanded the matter to the arbitrator for clarification. Subsequently, this Court, in an *en banc* decision, *AFSCME, District Council 47, AFL–CIO v. Philadelphia*, 105 Pa.Cmwlth. 111, 523 A.2d 421 (1987), concluded that, by remanding for clarification rather than issuing an enforcement order, the Supreme Court in *Alliston* preserved the exclusive jurisdiction of the PLRB given it in Section 1301 of the PERA.

award. Jurisdiction of the common pleas court's jurisdiction is not invoked until the PLRB has determined that an unfair labor practice has occurred, and then solely on petition of the PLRB, for enforcement purposes.

■ We said in *Millcreek Township School District v. Pennsylvania Labor Relations Board*, 158 Pa.Cmwlth. 156, 631 A.2d 734 (1993), *appeal denied*, 537 Pa. 626, 641 A.2d 590 (1994), in answer to an argument that the PLRB lacked jurisdiction over a dispute because its resolution rested on an interpretation of a union contract, that "[t]he fact that the same act may give rise to both a violation of the collective bargaining agreement and an unfair labor practice, or that determination of whether an unfair labor practice has occurred may depend on interpretation · of the collective bargaining agreement, does not oust the [PLRB] of jurisdiction." *Id.*, 631 A.2d at 737 (citations omitted). We think the same rationale applies when a dispute arises after a binding, cba-based arbitration award has been issued, particularly in light of the comprehensive scheme for resolving labor disputes between public employees and their employers as provided in the PERA, of which Section 1201(a)(8) is a part.

The common pleas court followed *Hollinger* by beginning at "the starting point" in its consideration of "jurisdiction of a dispute between public employes and their employers," that is, by "ascertain[ing] whether the remedy sought [was] redress of an unfair labor practice." It concluded that the Union's underlying complaint was with the School District's refusal to comply with the arbitrator's award. Based on the pleadings and on the Union's summary judgment motion, it is difficult to see how it could have concluded otherwise.

However, for the first time, the Union here maintains that the dispute is over how to interpret the arbitrator's award, necessitating remand to the arbitrator for clarification. Nowhere, though, in its complaint or in its

answer to the School District's new matter did the Union ask the common pleas court for a remand for clarification of the existing award. Although the absence of such a request does not *per se* mean that the court could not have fashioned such relief if it had jurisdiction to do so, the failure to have sought a remand does tend to show that the union did not perceive the award to be ambiguous. Moreover, the union did not in its motion for summary judgment aver that the cba required interpretation, but asserted that, there being no genuine issue of material fact, its members were entitled to judgment as a matter of law for unpaid salary in the latter two years of the cba, as well as interest, costs and attorneys fees.

The Union cites *Chirico v. Board of Supervisors for Newton Township*, 504 Pa. 71, 78, 470 A.2d 470, 474 (1983), in which mandamus was brought in common pleas court to compel implementation of a binding arbitration award, for the proposition that "[a] dispute over the interpretation of a provision in an existing award falls within the ambit of grievance arbitration." The Union also relies on our decision in that case, *Chirico v. Board of Supervisors of Newtown Township*, 63 Pa. Cmwlth. 591, 439 A.2d 1281, 1284, n. 5 (1981), wherein we said that a disputed interpretation of an award is not an unfair labor practice but is to be handled through arbitration pursuant to PERA Section 903, 43 P.S. § 1101.903. It is not accurate to state, however, that from these statements we or the Supreme Court "concluded that the proper remedy was to remand the matter back [sic] to the arbitrator." (Appellant's brief, p. 15.) Neither this Court's order nor the Supreme Court's order affirming our decision remanded the matter to an arbitrator to interpret an award. We reversed the common pleas court's decision to the extent that it entertained jurisdiction itself to interpret a provision of an Act 111[4] award. *Chirico*, 439 A.2d at 1285. Our Supreme Court upheld that part of our decision. Neither this Court nor the Supreme Court ordered remand to an arbitrator for that purpose.[5]

4. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.10.

5. The Union also cites several federal circuit and district court cases in support of its position, but acknowledges that those decisions involve arbi-

The case of *Crawford Central School District v. Pennsylvania Labor Relations Board,* 152 Pa.Cmwlth. 277, 618 A.2d 1202 (1992), *appeal denied,* 535 Pa. 624, 629 A.2d 1384 (1993), is illustrative. There, three teachers filed grievances, complaining that the school district had not complied with a provision of the cba governing the maximum number of teaching preparations a teacher was required to complete. The grievance proceeded to arbitration and the arbitrator ordered that the teachers be compensated for extra preparations. The arbitrator "retained jurisdiction for purposes of implementing the monetary relief ordered." Subsequently, the school district wrote a letter to the arbitrator asking him to issue an interpretation of the award as it affected teachers other than the grievants. The arbitrator then issued an additional order setting forth the manner of payment for those teachers. When the school district made no payments to the non-grieving teachers who requested it, the union filed an unfair labor practice.

The school district in *Crawford Central* in the first instance submitted a letter to the arbitrator asking him to interpret his award, although, admittedly, the arbitrator had expressly retained jurisdiction over a portion of its implementation. When the school district did not comply with the arbitration award to the satisfaction of the union, the union filed an unfair labor practice charge with the PLRB under Section 1201(a)(8) of the PERA. Either avenue was open to the Union in the instant case. If it truly believed the award was ambiguous, it might in the first instance have sought clarification from the arbitrator, as in *Crawford Central,* or it could have submitted to arbitration the dispute over the remaining two years of the contract. *Chirico,* 439 A.2d at 1284, n. 5. It could also have filed an unfair labor practice charge with the PLRB. What the union cannot do is seek enforcement of an award in the common pleas court in the first place and then suggest on appeal to this Court that it was error for the court below to have dismissed for want of jurisdiction instead of remanding the matter to the original arbitrator.

trations between private parties and do not implicate the PERA, which the General Assembly has enacted, *inter alia,* to establish procedures to

We must note that the motions for summary judgment were procedurally mistaken, for the proper prayer for relief in this instance would have been a motion to dismiss the complaint, so that the Union might have filed its claim on behalf of the kitchen helpers in the proper forum. Hence, we will vacate the order of the common pleas court granting the School District's motion for summary judgment and remand this matter to the common pleas court for entry of an order dismissing the union's complaint in equity.

### ORDER

AND NOW, this 20th day of October, 1997, the order of the Court of Common Pleas of Lehigh County, Civil Division, No. 96–E–12, dated January 10, 1997, is hereby vacated and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

LEADBETTER, J., did not participate in the decision in this case.

provide for the protection of the rights of Pennsylvania's public employes and public employers. 43 P.S. § 1101.101.