George Ford, Appellant *v.* School District of Philadelphia, Appellee.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Paul Auerbach,* for appellant.

*Eugene F. Brazil,* General Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 23, 1982:

George Ford appeals a Philadelphia Court of Common Pleas order affirming his thirty-day suspension and seven-grade demotion by the Philadelphia School District. We affirm.

Our scope of review is limited by Section 8 of the Local Agency Law[1] which requires us, when there is a complete record of the proceedings before the school board, to affirm the adjudication unless constitutional rights have been violated, an error of law has been committed, or a finding of fact is not supported by substantial evidence.

Ford, a non-professional custodial supervisor, contends: (1) the proceedings before the School District violated his procedural due process; (2) the hearing officer's findings of fact lacked specificity; and (3) he was entitled to a "peer review" under his union contract.

An extensive review of the record indicates that Ford's disciplinary proceedings included the following:

---

[1] 2 Pa. C. S. §754.

1. Disciplinary charges[2] were brought against Ford on two separate occasions: Each time, Ford had a hearing before the Director of Non-Instructional Personnel. Ford was suspended for two days without any status change for the first offense.[3] For his second offense, the Director suspended Ford for thirty days and demoted him to a non-supervisory position.

2. On appeal to the Board of Education, a hearing officer conducted twelve hearings over a two-year period, resulting in over 1,300 pages of testimony and forty exhibits. The hearing officer recommended that the Director's decision be upheld.

3. Before making its adjudication, the Board of Education heard argument from Ford. The Board affirmed the recommendation of its hearing officer.

4. The Court of Common Pleas, after argument and review of the record, affirmed the School Board's adjudication.

It is evident that the procedural due process afforded Ford was more than adequate.

A review of the record also indicates that the hearing officer's findings of fact and recommendations were specific enough to inform Ford of the reasons for his suspension and demotion. We also conclude that the findings are supported by substantial evidence and that the lower court properly denied Ford's request for a remand. *Springfield School District v.*

---

[2] These charges were brought by the District Engineer's Office and included:

    1. Abusive language and threats toward an Assistant Engineer.

    2. Insubordination.

    3. Non-conformance to defined School District and Maintenance and Operations' rules and regulations.

    4. Unsatisfactory work performance.

    5. Negligence in matters of school building security.

[3] Ford did not appeal this decision to the Board of Education.

*Shellem,* 16 Pa. Commonwealth Ct. 306, 328 A.2d 535 (1974).

Finally, in that Ford's contention that he is entitled to a "peer review" under his union contract is, in essence, an attack on the propriety of his union's representation, we conclude that such contention is improperly raised in this appeal.[4] Ford's remedy for this allegation lies with the Pennsylvania Labor Relations Board. Failure of a union to represent the interests of all its members in good faith and without discrimination is an unfair labor practice under Section 1201(b)(3) of the Public Employes Relations Act,[5] over which the Labor Relations Board has exclusive jurisdiction. *Pronko v. Commonwealth,* 44 Pa. Commonwealth Ct. 541, 403 A.2d 1382 (1979).

We affirm the lower court's decision upholding Ford's suspension and demotion.

Affirmed.

## ORDER

The Philadelphia County Common Pleas Court order, No. 5372 June Term 1979, dated March 17, 1981, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[4] Before the appeal was taken to the School Board, Ford's union, Local No. 1201 of the International Brotherhood of Firemen and Oilers, AFL-CIO, filed a grievance on the issue of Ford's suspension and demotion. A hearing was held before the Director of Grievance and Disputes. The Director decided that Article IV, Section 3k of the Collective Bargaining Agreement, which affords an employee the right to a peer review when charged "with an inability to operate and service a physical plant," was inapplicable since at issue were charges of insubordination, job negligence and non-conformance to District rules and not technical inability. The union did not submit this decision to binding arbitration as provided for by the Collective Bargaining Agreement.

[5] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201.